CRAWLEY, Judge.
In October 1993 Betty Nail (the “worker”) filed a complaint for worker’s compensation benefits against Dunlop Tire Corporation (the “company”) and ultimately alleged that she had been injured in the line and scope of her employment and that she had suffered a permanent partial disability to her entire body. The worker requested benefits accordingly. The worker also sought benefits for an injury to her left arm that she alleged had occurred in October 1991; that injury is not a subject of this appeal. Following ore tenus proceedings, the trial court found that the employee had suffered a 30% permanent partial disability to her right arm. The company filed a post-judgment motion, which was denied. The company appeals.
The company argues on appeal that the trial court erred in awarding the worker 30% permanent partial disability benefits for an injury to her right arm, a scheduled injury pursuant to Ala.Code 1975, § 25-5-57(a)(3)a.l3.
The worker suffered a work-related injury in June 1993 to her right arm. She had carpal tunnel surgery in July 1993. After releasing her to return to work in September 1993, her physician testified that she had a 5% permanent physical impairment to each upper extremity and that she suffered a 6% impairment to her entire body. The worker testified that her salary had increased after she returned to work, but that she had difficulty working because of the pain in her wrists. The worker voluntarily quit her job at the company, because of problems working with the pain in her wrists.
The company argues that Ala.Code 1975, § 25-5-57(a)(3)i. precludes the trial court’s 30% permanent partial disability finding, because the worker’s physician testified that her physical impairment is 5%. Section 25-5 — 57(a)(3)i. states in pertinent part:
“If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker’s pre-injury wage, the worker’s permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability.”
(Emphasis added.) The trial court specifically found that the worker suffered a scheduled-member injury. Although the worker did return to her employment at an increased salary and was awarded permanent partial disability benefits in excess of her physical impairment, § 25-5-57(a)(3)i., by its specific terms, does not apply to this case, where the award is based on the scheduled-injury provisions. The trial court was not limited to the testimony regarding physical impairment, and the trial court could properly consider evidence regarding vocational disability. Therefore, we affirm the trial court’s judgment.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.